# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1.  This is an action for damages brought by an individual consumer, Jennifer Osborne, against Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2.  In March 2024, Ms. Osborne tried to re-finance her home.

3.  As part of her re-financing application, and to evaluate her credit for the loan, Ms. Osborne's potential lender purchased consumer reports from Equifax, Experian and Trans Union.

4. All three credit bureaus reported to Ms. Osborne's potential lender that she had been late on one of her mortgage payments. But Ms. Osborne had never been late.

5. Shortly thereafter, Ms. Osborne filed disputes with each of the credit bureaus about the allegedly late payment.

6. Experian and Trans Union investigated Ms. Osborne's dispute, and both removed the erroneous late notation from Ms. Osborne's credit report.

7. But Equifax refused to correct its erroneous reporting. What's more, Ms. Osborne disputed at least *four more times* with Equifax – providing Equifax with documentary proof that the late payment notation was in error – yet Equifax refused to amend its reporting.

8. Instead, Equifax continued to report that the account had an Account History Status Code of "1", which means, according to its own report, "30-59 Days Past Due."

9. Equifax failed to correct its reporting even though the reporting of a late payment was inconsistent with the other data it was reporting for the account at issue. Even though Equifax noted that the account was "30-59 Days Past Due," it included no date of first delinquency, nor did it report any dollar amount as past due.

10. This lawsuit is based on Defendant's repeated failure to comply with federal law requirements relating to credit reporting.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendant is headquartered in this district and it regularly conducts business in this district, including contracting to supply goods and services in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

13. Ms. Osborne is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

14. Defendant is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it is headquartered in and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

15. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

3

undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

16. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

17. The FCRA requires that when a CRA prepares a credit report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

18. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant

information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

19. In March 2024, Ms. Osborne tried to re-finance her home.

20. As part of her re-financing application, and to evaluate her credit for the loan, Ms. Osborne's potential lender purchased consumer reports from Equifax, Experian and Trans Union.

21. All three credit bureaus reported to Ms. Osborne's potential lender that she had been late on one of her mortgage payments. But Ms. Osborne had never been late.

22. This erroneous information that the credit bureaus were reporting misstates Ms. Osborne's credit history and negatively impacts her credit score and her ability to obtain credit.

23. Shortly thereafter, Ms. Osborne communicated with the creditor at issue (Midland Mortgage) and ensured that it was not reporting any late payments. Midland Mortgage confirmed that there were no late payments, and it told Ms. Osborne that it had submitted requests to Equifax, Experian, and Trans Union to ensure the information being reported was accurate.

24. In addition, Ms. Osborne filed disputes with each of Equifax, Experian, and Trans Union about the allegedly late payment.

25. Equifax, along with the other credit bureaus, received Ms. Osborne's dispute.

26. Experian and Trans Union investigated Ms. Osborne's dispute, and both removed the erroneous late notation from Ms. Osborne's credit report.

27. But Equifax refused to correct its erroneous reporting.

28. Equifax did not conduct a reasonable reinvestigation into some or all of Ms. Osborne's dispute.

29. Following Ms. Osborne's first dispute with Equifax, Ms. Osborne disputed at least *four more times* – providing Equifax with documentary proof that the late payment notation was in error.

30. In one of the disputes, Ms. Osborne wrote:

> I am writing to formally request your immediate assistance with a matter that has been causing significant financial distress for

6

me. As per my numerous disputes with your company, my credit report inaccurately shows a delinquency on my mortgage payments.

This error is severely hindering my ability to secure necessary loans. I would like to restate that I have never been late with my mortgage payments, as they are set up on auto-deduct. The issue that caused this misreport was a bank error, which has been acknowledged and rectified by Midland Mortgage. As evidenced by the corrections made with TransUnion and Experian, and attached documents, this error should not reflect on my credit report.

However, Equifax continues to report delinquency. I urge you to remove this inaccurate information from my credit report as soon as possible. I have been disputing this since April and have provided you with all the necessary documentation from my mortgage company.

31. Equifax received Ms. Osborne's disputes.

32. But Equifax did not conduct a reasonable reinvestigation into some or all of Ms. Osborne's disputes, and it refused to amend its reporting.

33. Instead, Equifax continued to report that the account had an Account History Status Code of "1", which means – according to its own report – "30-59 Days Past Due."

34. Equifax failed to correct its reporting even though the reporting of a late payment was inconsistent with the other data it was reporting for the account at issue. Even though Equifax noted that the account was "30-59 Days Past Due," it included no date of first delinquency, nor did it report any dollar amount as past due.

7

35. And following Ms. Osborne's most recent dispute, Ms. Osborne tried again to refinance her mortgage. Equifax furnished a consumer report to that potential creditor, and the potential creditor told Ms. Osborne that it would be unable to move forward because the late payment that Equifax continued to report: "it was due to [Equifax] reporting your mortgage being late. 35% of your credit score comes from on time payments. If they change your payment history that could help but also they need to fix that anyways before you could do a loan."

36. Because of Equifax's actions and its failure to corrects its errors, Ms. Osborne has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with her normal and usual activities.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681i(a))

37. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

38. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine

whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit files.

39. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

40. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

41. As a result of these violations of 15 U.S.C. § 1681i(a)), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

42. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

44. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

45. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

46. Defendant reported information that it had reason to know was inaccurate.

47. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

48. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

49. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

50. As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

51. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;

2. Punitive damages to be determined by the jury;

11

3. Attorneys' fees; and

4. Costs of the action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: September 19, 2024

> By: /s/ Andrew Weiner
> Jeffrey B. Sand
> Andrew L. Weiner
> WEINER & SAND LLC
> 800 Battery Avenue SE
> Suite 100
> Atlanta, GA  30339
> (404) 205-5029 (Tel.)
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> js@wsjustice.com
> aw@wsjustice.com
>
> *Counsel for Plaintiff*